UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Louisa Ebaben**, <br><br> Plaintiff, <br><br> v. <br><br> **McDonald's Corporation,** a Delaware Corporation, <br><br> Defendant. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Louisa Ebaben ("Plaintiff"), sues the Defendant, McDonald's Corporation ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendant's failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendant regularly conducts business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Lorain County, Ohio, and is a former employee of Defendant.

8. At all material times, Defendant McDonald's Corporation is a Delaware corporation licensed to transact business in the State of Ohio. At all material times, Defendant McDonald's Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Lorain County, Ohio.

9. At all material times, Defendant McDonald's Corporation does business as "McDonald's."

10. At all relevant times, Defendant McDonald's Corporation was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant McDonald's Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant. As a person who acted in the interest McDonald's Corporation in relation to the company's employees, Defendant McDonald's Corporation is subject to liability under the FLSA.

11. At all material times, Defendant McDonald's Corporation is Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

12. At all material times, Defendant McDonald's Corporation is Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

13. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

14. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

15. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

16. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

17. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

18. Defendant owns and/or operates as McDonalds Corporation, an enterprise located in Lorain County, Ohio.

19. Defendants own and/or operate as McDonald's, a fast food restaurant chain.

20. Plaintiff was hired by Defendant and worked for Defendant as a crew member from approximately February 12, 2018 through approximately November 15, 2019.

21. Plaintiff was hired to work at, and did work at, Defendant's McDonald's restaurant located at 1010 East Broad Street, Elyria, OH 44035.

22. Defendant, in its sole discretion, agreed to pay Plaintiff $9.35 per hour for all hours she worked.

23. During Plaintiff's employment with Defendant, she worked approximately 40 hours per week.

24. Plaintiff worked approximately 40 hours in her final week of work for Defendants.

25. Defendant paid Plaintiff no wages whatsoever for the final workweek of her employment.

26. As a result of not having paid any wage whatsoever to Plaintiff for the final week of her employment with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

27. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendant has violated 29 U.S.C. § 206(a).

28. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendant has violated ORC § 4111.

29. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendant has violated ORC § 4113.

30. Throughout Plaintiff's employment with Defendant, Defendant engaged in the regular practice of deducting hours worked from Plaintiff's paychecks.

31. For example, Plaintiff would at times receive a paycheck for approximately 60 hours despite working 80 hours or more during the pay period.

32. As a result of regularly deducting hours from Plaintiff's paychecks, Defendant failed to pay the applicable minimum wage to Plaintiff.

33. As a result of deducting hours from Plaintiff's paychecks, Defendant failed to pay applicable overtime wages to Plaintiff for hours worked in excess of 40 hours in a workweek.

34. As a result of Defendant's willful failure to compensate Plaintiff at least the minimum wage for all hours worked throughout her employment with Defendant, Defendant has violated 29 U.S.C. § 206(a).

35. As a result of Defendant's willful failure to compensate Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek throughout her employment with Defendant, Defendant has violated 29 U.S.C. § 207(a).

36. As a result of Defendant's willful failure to compensate Plaintiff at least the minimum wage for all hours worked, Defendant has violated ORC § 4111.

37. As a result of Defendant's willful failure to compensate Plaintiff all wages owed for all hours worked, Defendant has violated ORC § 4113.

38. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

39. Defendants have and continue to violate the FLSA by not paying Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

40. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during her regular workweeks.

41. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during her regular workweeks.

42. Plaintiff is a covered employee within the meaning of the FLSA.

43. Plaintiff is a covered employee within the meaning of ORC § 4111.

44. Plaintiff is a covered employee within the meaning of ORC § 4113.

45. Plaintiff was a non-exempt employee.

46. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

47. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

49. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

50. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Defendants engaged in the willful practice of deducting hours Plaintiff worked during her regular workweeks from her paychecks.

53. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

54. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

55. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Louisa Ebaben, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants regularly engaged in the practice of deducting hours that Plaintiff worked from her paychecks.

58. As a result, Defendant failed to compensate Plaintiff at least one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

59. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required overtime rate violates the FLSA, 29 U.S.C. § 207(a).

60. Plaintiff is therefore entitled to compensation for the full applicable overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Louisa Ebaben, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: OHIO REVISED CODE § 4111.01
## FAILURE TO PAY MINIMUM WAGE

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendant engaged in the willful practice of deducting hours Plaintiff worked during her regular workweeks from her paychecks.

63. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

64. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

65. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Louisa Ebaben, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: OHIO REVISED CODE § 4113
## FAILURE TO PAY WAGES OWED

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed or refused to pay Plaintiff all wages owed for all hours worked during her employment due to their practice of deducting hours worked from her paychecks.

68. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final week of her employment.

69. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

70. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Louisa Ebaben, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendant for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd Day of February, 2020.

        BENDAU & BENDAU PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II (OH No. 0089601)
        Christopher J. Bendau
        BENDAU & BENDAU PLLC
        P.O. Box 97066
        Phoenix, Arizona 85060
        Telephone AZ: (480) 382-5176
        Email: cliffordbendau@bendaulaw.com
                chris@bendaulaw.com

        THE LAW OFFICES OF SIMON & SIMON

        By: /s/ *James L. Simon*
        James L. Simon (OH No. 0089483)
        6000 Freedom Square Dr.
        Independence, OH 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com

## VERIFICATION

Plaintiff, Louisa Ebaben, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, she believes them to be true.

DocuSigned by:

Louisa Ebaben
29B1B3EED4F7444...